UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTOPHER PATTERSON<br><br>        Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>1.  FCRA, 15 U.S.C. § 1681, *et seq.* |

Plaintiff Christopher Patterson ("Plaintiff"), through his attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"):

## INTRODUCTION

This is a one-count Complaint based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to assure maximum possible accuracy of the information that they report to consumer credit reports.

///

///

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Experian transacts business in this district. As such, the Court has personal jurisdiction over Experian.

## PARTIES

4. Plaintiff is a natural person residing in the city of Blaine, Anoka County, Minnesota.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

6. Experian is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f).

7. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in the form of "consumer reports" (as defined in 15 U.S.C. § 1681a(d)) to be furnished to third parties.

8. Upon information and belief, Experian disburses consumer reports to third parties under contract for monetary compensation.

9. Experian can be served at their principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. At all relevant times, Experian acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. On June 18, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7, Title 11 of the Bankruptcy Code. The bankruptcy petition was filed in the United States Bankruptcy Court for the District of Minnesota, Case Number 19-41837.

12. Plaintiff was discharged from his Chapter 7 bankruptcy on or about September 17, 2019.

13. Following the bankruptcy discharge, Plaintiff was eager to commence working to improve his credit and to obtain a "fresh start."

14. To ensure that the post-bankruptcy discharge reporting on his credit reports was accurate, Plaintiff obtained copies of his credit reports from Experian and the other national consumer reporting agencies, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

15. Upon review, Plaintiff discovered that Experian was reporting his AMEX account, Account No. 349992XXXXXXXXXX ("AMEX Account"), as opened on September 15, 2014, with a balance of $20,398, account status as "closed," and a payment status of "charge-off," despite the account having been included in bankruptcy and discharged on September 17, 2019.

16. Experian did not report that the AMEX Account had been discharged in bankruptcy, despite reporting the bankruptcy filing in the public records section of Plaintiff's credit report and reporting other pre-bankruptcy accounts as discharged through bankruptcy.

17. Plaintiff also learned that nonparty credit reporting agencies Equifax and Trans Union were not reporting the AMEX Account at all.

18. Upon information and belief, Experian proactively sought out and paid for Plaintiff's public record bankruptcy information to post it on his credit report.

19. Upon information and belief, Experian has been conducting such bankruptcy court inquiries via third party vendors for many years and searches daily for all U.S. consumer bankruptcy filings with the purpose of reporting them on consumers' credit reports.

20. Experian does not maintain or follow reasonable procedures to ensure that pre-bankruptcy debts are definitively reported as either paid or discharged following the entry of a Chapter 7 bankruptcy discharge order and do not continue to report with derogatory payment history or with a balance after the bankruptcy was filed.

21. Experian received notice that the AMEX Account should report as discharged in bankruptcy because Experian was reporting the bankruptcy as filed after the account was opened and then discharged.

22. Further, Experian has been sued many times for similar conduct and is aware that, when it receives notice of a Chapter 7 bankruptcy discharge, all pre-bankruptcy installment loans or revolving accounts are automatically assumed to have been discharged through

the consumer's bankruptcy (the "default rule").

23. Experian also received notice of its inadequate post-bankruptcy reporting procedures through thousands of lawsuits and Federal Trade Commission and Consumer Financial Protection Bureau complaints filed against Experian for its inaccurate reporting following a Chapter 7 bankruptcy discharge.

24. Upon information and belief, Experian had notice of creditors' unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy. Experian knew and understood that furnishers do not have a statutory obligation to update their past reporting and do not have liability if they do not provide such updates.

25. Experian is reporting that Plaintiff may owe a debt that he does not actually owe, thereby damaging his credit scores.

26. As a result of Experian's conduct, Plaintiff has sustained actual damages including, but not limited to, embarrassment, anguish, and emotional and mental pain.

27. Experian's reporting is particularly aggravating of Plaintiff's damages because the inaccurate reporting damaged his credit scores and credit, which he is attempting to rebuild after bankruptcy.

28. The inaccurate reporting by Experian has caused Plaintiff stress and anxiety about his credit reputation and a belief that he may still owe the debt.

29. Upon information and belief, Plaintiff was denied credit by Capital One Bank

(USA), N.A. and several other creditors due to the publishing of Experian's inaccurate reporting.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681e(b)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

32. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files that Experian published and maintained concerning Plaintiff.

33. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages, including the loss of credit opportunities, less favorable credit terms, emotional distress, humiliation, and mental anguish.

34. The § 1681e(b) violations by Experian were willful, rendering Experian liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, the violations by Experian were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Experian for the following:

  A. declaratory judgment that Experian violated the FCRA;

  B. actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

  C. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

  D. punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  E. costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

  F. any pre-judgment and post-judgment interest as may be allowed under the law; and

  G. any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

///

Respectfully submitted this 11th day of September 2020.

                By:/s/*Christopher Dunn*
Christopher Dunn
Bar Number: 0400686
Attorney for Plaintiff Christopher Patterson
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, MN 55113
Telephone: (800) 850-7867
Email:  chip.dunn@hoglundlaw.com

Robert Hoglund
Bar Number: 0210997
Attorney for Plaintiff Christopher Patterson
**Hoglund, Chwialkowski & Mrozik, PLLC**
1781 Country Road B West
Roseville, MN 55113
Telephone: (651) 628-9929
Email:  robhoglund@hoglundlaw.com